### 16055.   MORRIS *v.* MELTON.

STEPHENS, J.  1. Where two persons enter into a contract for the purchase and sale of real estate, in which it is stipulated that the purchaser is to pay $500 as earnest money, and where it is subsequently agreed that the seller will accept in lieu of the earnest money the

promissory note of the purchaser's husband, provided it is indorsed by another person named, and the note is thereupon delivered to the seller, to be effective only when such indorsement is procured, and where the purchaser's husband, acting as her agent, subsequently informs the seller that he is unable to procure such indorsement, and the seller thereupon announces and proclaims that he can not hold the property longer, but will sell it to some one else, and thereafter actually does so, refusing, nevertheless, to return the note to the maker, the procuring of such indorsement of the note is a condition to its effectiveness as an obligation, which the payee could waive; and if the same was waived by him, the purchaser's failure to procure such indorsement was no breach of the contract of purchase and sale, since the purchaser had done all that the seller actually required.

2. A subsequent suit upon the note, by the payee, would as to him conclusively show his acceptance of the note, notwithstanding the failure of the defendant to procure its indorsement by another as indicated; and the payee, having accepted the note, would not be justified in selling the property to another, and such sale by him would constitute a breach of the contract to sell the property to the wife of the maker of the note, and such breach of contract would constitute a failure of consideration of the note.

3. Where, to a suit upon such note by the payee thereof, the defendant pleaded the above-stated facts, the plea set forth a valid defense, and it was error to strike the plea, upon a motion in the nature of a general demurrer.

4. The judge of the municipal court erred in striking the plea, and the superior court erred in overruling the certiorari excepting to that judgment.    *Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 17, 1925.

Certiorari; from Fulton superior court—Judge Bell.    October 16, 1924.

*Mitchell & Mitchell,* for plaintiff in error.
*George & John L. Westmoreland,* contra.